Filed 11/5/15  P. v. Valencia CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH G. VALENCIA,<br><br>    Defendant and Appellant. | D066316<br><br><br>(Super. Ct. Nos. SCS266686,<br>                 SCS260211) |


APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring and Ana L. Espana, Judges.  Affirmed in part; reversed in part and remanded.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

Joseph G. Valencia appeals a judgment following his jury conviction of three drug-related offenses and misdemeanor vandalism.  On appeal, he contends the trial court

erred by: (1) miscalculating his Penal Code[1] section 4019 conduct credits; (2) imposing

537-day misdemeanor sentences for all of his offenses; and (3) not staying the sentence

for one of his offenses pursuant to section 654.[2]  The People concede the trial court erred

as Valencia alleges.

FACTUAL AND PROCEDURAL BACKGROUND

Because Valencia challenges only the sentencing decisions of the trial court, we

need not, and do not, discuss the facts underlying his convictions.

In February 2014, the jury found Valencia guilty of four offenses: (1) possession

of methamphetamine (Health & Saf. Code, § 11377) (count 2); (2) possession of

narcotics paraphernalia (Health & Saf. Code, former § 11364.1, subd. (a)) (count 3); (3)

being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a))

(count 4); and (4) misdemeanor vandalism (§ 594) (count 5).  Valencia admitted the truth

of allegations he had one prior strike conviction within the meaning of the three strikes

law (§§ 667, subds. (b)-(i), 1170.12) and had served one prior prison term (§§ 667.5,

subd. (b), 668).

In May, the trial court denied Valencia's motion to dismiss the prior strike

allegation and sentenced him to a total term of three years eight months in prison.  The

---

1    All statutory references are to the Penal Code unless otherwise specified.

2    Valencia initially contended his sentence must be vacated and remanded for
resentencing under Proposition 47.  However, in his reply brief, he withdrew that
contention as moot, noting the trial court on March 4, 2015, granted his section 1170.18
petition for resentencing under Proposition 47.

2

court imposed a low term of 16 months for count 2, doubled to 32 months pursuant to the three strikes law, and a consecutive one-year enhancement for his prior prison term. Separate concurrent terms of 537 days were imposed for each of his misdemeanor convictions on counts 3 through 5. The court awarded him 269 days of actual custody credit, plus an additional 268 days of section 4019 conduct credit. Valencia timely filed a notice of appeal.[3]

On February 27, 2015, the trial court granted Valencia's section 1170.18 petition to recall his sentence. On March 4, the court concluded Valencia was entitled to sentencing as a misdemeanant, resentenced him on count 2 to 537 days in custody, and ordered him released with credit for time served. On June 9, we granted Valencia's request to augment the record on appeal with the trial court's minute orders dated February 27, 2015, and March 4, 2015.

DISCUSSION

I

*Section 4019 Conduct Credits*

Valencia contends, and the People agree, the trial court erred by not awarding him one additional day of section 4019 conduct credit. In originally sentencing Valencia to a

---

[3] On February 3, 2015, Valencia filed a motion requesting judicial notice of: (1) excerpts from the transcript of a September 27, 2005, hearing of a United States House of Representatives subcommittee; (2) a research report on methamphetamine; and (3) former versions of section 4019 and associated legislative analysis. The People oppose judicial notice of items 1 and 2 and do not oppose judicial notice of item 3. We grant Valencia's motion in part and take judicial notice of the documents in item 3. We deny his motion to take judicial notice of the remaining items (items 1 and 2).

total term of three years eight months, the trial court awarded him 269 days of actual custody credit, plus an additional 268 days of section 4019 conduct credit.

In October 2011, section 4019 was amended, providing that most defendants can earn two days of conduct credit for every two days served in custody. (Stats. 2011, ch. 15, § 482.) Valencia's offenses were committed in August 2013. Therefore, under amended section 4019, he was entitled to day-for-day conduct credits. Because he was awarded 269 days of actual custody credit, he was entitled to 269 days of section 4019 conduct credits. The trial court erred by awarding him one less day of section 4019 conduct credit than that to which he was entitled.

II

*Concurrent 537-Day Misdemeanor Sentences on Counts 2 Through 5*

Valencia contends, and the People agree, the trial court erred by imposing concurrent 537-day misdemeanor sentences for each of his offenses on counts 2 through 5.

*Counts 3 through 5.* At Valencia's original sentencing in May 2014, the trial court imposed a low term of 16 months for count 2, doubled to 32 months pursuant to the three strikes law, and a consecutive one-year enhancement for his prior prison term. The court denied probation for counts 3 through 5 and granted Valencia credit for time served (i.e., 537 days) on those counts. Its minute order reflects the imposition of concurrent sentences of 537 days on counts 3 through 5.

Valencia correctly asserts the trial court erred by imposing concurrent sentences of 537 days for each of counts 3 through 5, all of which were misdemeanor offenses. By

4

awarding him 537 days credit as "time served," the court, in effect, imposed sentences of 537 days for each of counts 3 through 5. However, misdemeanor sentences cannot exceed 364 days in county jail. (§ 18.5.) Therefore, the court's sentences on counts 3 through 5 are unauthorized. Valencia requests, and we agree, that his sentences on counts 3 though 5 should be vacated and he be resentenced on those counts as misdemeanors with sentences of no more than 364 days.

*Count 2*. The trial court originally sentenced Valencia to a term of 32 months for his count 2 offense (Health & Saf. Code, § 11377 [possession of methamphetamine]). However, on February 27, 2015, the trial court granted Valencia's section 1170.18 petition to recall his sentence. On March 4, it concluded he was entitled to sentencing as a misdemeanant, resentenced him on count 2 to a sentence of 537 days' custody, and ordered him released with credit for time served. However, by so doing, the trial court erred by imposing a sentence on the then-misdemeanor count 2 greater than the 364-day maximum allowed for misdemeanors. (§ 18.5.) Valencia requests, and we agree, that his sentence on count 2 should be vacated and he be resentenced on that count as a misdemeanor with a sentence of no more than 364 days.

*Credits*. Valencia also correctly asserts the trial court at his section 1170.18 resentencing on March 4, 2015, did not award him credit for the days he spent in custody between his original sentencing (May 16, 2014) and his resentencing (March 4, 2015). Instead, it merely restated the number of credits awarded him at his original sentencing in May 2014 (i.e., 537 days). On remand of this matter, the court should award Valencia additional credit for those days served in custody (i.e., 292 days).

5

# III

## *Stay of Count 4 Sentence Pursuant to Section 654*

Valencia contends, and the People agree, the trial court erred by imposing a concurrent sentence on count 4 rather than imposing and staying execution of that sentence pursuant to section 654. Section 654 provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

In this case, Valencia was convicted on count 2 of possession of methamphetamine (Health & Saf. Code, § 11377) based on his possession of 0.33 grams of methamphetamine, and on count 4 of being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a)). The People concede that amount could be consumed in a short period of time and was insufficient to support a finding Valencia harbored two separate criminal intents when he possessed and used that methamphetamine. The court should have imposed its sentence on count 4 and then stayed the execution of that sentence pursuant to section 654. (*People v. Duff* (2010) 50 Cal.4th 787, 796; *People v. Sweeney* (2014) 228 Cal.App.4th 142, 154.) By not doing so, it erred.

## DISPOSITION

The judgment is reversed to the extent the trial court: (1) awarded Valencia an incorrect number of section 4019 credits at his original sentencing and an incorrect number of custody credits on his resentencing; (2) sentenced him to custody greater than

6

364 days on counts 2 through 5; and (3) imposed a concurrent sentence for count 4 without staying execution of that sentence pursuant to section 654. In all other respects, the judgment is affirmed. The matter is remanded for resentencing consistent with the views expressed in this opinion.

McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

NARES, J.